# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION LOCAL NO. 8, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GARDEN STATE RESTORATION & CONSTRUCTION, a/k/a AGJ CONSTRUCTION LLC, t/a GARDEN STATE RESTORATION & CONSTRUCTION CO.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 07-02083 |

## **MEMORANDUM**

Now before this court is plaintiffs Operative Plasterers & Cement Masons International Association Local No. 8, *et al.*'s motion to obtain relief from judgment under FRCP 60(b). This court entered a default judgment for plaintiffs and against defendant Garden State Restoration & Construction ("AGJ") on April 18, 2008. Plaintiffs now seek relief from that judgment in order to amend their complaint to include additional parties.

I.

On May 2, 2007, plaintiffs Operative Plasterers & Cement Masons International Association Local No. 8, *et al.* ("Operative"), a construction workers union, its funds and its trustee, filed suit in this court against defendant AGJ, a restoration and construction company, for failure to make the required contributions to employee benefit plans in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1132 (Compl. ¶ 9)(Doc. No. 1). Those contributions were part of a collective bargaining agreement between Operative and AGJ. *Id.* Defendant failed to comply with discovery (Doc. No. 13) and on April 18, 2008, this court entered judgment against defendant in the amount of $515,275.56 (Doc. No. 19).

After judgment was entered, plaintiffs initiated depositions to determine defendants' financial solvency. While taking depositions from two of AGJ's principals, plaintiffs claim that they realized AGJ was a "shell entity" with no independent assets (Doc. No. 20) (Pet'r's Mot. to Reopen Case and Amend Compl. 2). Further, plaintiffs also allegedly discovered that AGJ's principals owned other businesses, which leased real estate and construction equipment to AGJ without compensation. *Id.* Additionally, plaintiffs claim that those same principals created two new entities that functioned as AGJ's "alter egos." *Id.*

In order to enforce the default judgment over non-judgment defendants Joseph LaMaina, Albert Cisco and Eugene Taylor (Pet'r's Br. at 6), plaintiffs filed suit in federal district court in New Jersey, where non-judgment defendants were based, on December

16, 2008. *See Operative Plasterers & Cement Masons Intern. Assoc. Local 8 v. AGJ Const., LLC,* No. 08-6163, 2009 WL 3681939 (D.N.J. Oct. 30, 2009). Plaintiffs claimed that non-judgment defendants were liable for the judgment imposed in this court under theories of "piercing of corporate veil," "alter ego," and "single employer" liability. *Id.* at *1. However, the district court determined that, pursuant to *Peacock v. Thomas*, 516 U.S. 349 (1996), it lacked ancillary jurisdiction to enforce the judgment on new non-judgment defendants. *Peacock* holds that federal courts "do not possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment." *Id.* at 349-50.

On December 9, 2009 plaintiffs moved for reconsideration or, alternatively, for immediate interlocutory appeal under 28 U.S.C. § 1292(b). *See Operative Plasterers & Cement Masons Intern. Assoc. Local 8 v. AGJ Const., LLC,* No. 08-6163 (RMB-JS), 2009 WL 4796764 (D.N.J Dec. 9, 2009). The court denied the motion as moot and recommended that plaintiffs: (1) move to amend the complaint in that court or (2) move to reopen judgment under FRCP 60(b) in this court. On December 21, 2009, plaintiffs filed this motion for relief from judgment under FRCP 60(b) in this court (Doc. No. 20). Defendants have not filed a response to this motion.

II.

In the motion to reopen the case, plaintiffs do not specify under what subsection of Rule 60(b) it is seeking relief. However, in the brief supporting the motion, plaintiffs

-3-

invoke Rule 60(b)(6). Pet'r's Br. Supp. Mot. 1. The relevant parts of Fed. R. Civ. P. 60(b) provide that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons... (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). For the reasons below, plaintiffs' motion for relief from judgment under 60(b)(6) should be denied.

Unlike under Rule 60(b)(1)-(3), relief under Rule 60(b)(6) is "not limited by any strictly defined time period." *Stradley v. Cortez,* 518 F.2d 488, 493 (3d Cir. 1975). However, Rule 60(b)(6) must be invoked within a "reasonable time" and was not intended as an instrument to circumvent the time limitations of 60(b)(1-3). *Id.* Additionally, relief under 60(b)(6) is *only* available when the other subsections of Rule 60(b) do not apply. *See Stradley,* 518 F.2d at 493 ("Rule 60(b)(6) is. . .available only. . .when the relief sought is based upon "any other reason" than a reason which would warrant relief under 60(b)(1-5)") (citing *Federal Deposit Insurance Corp. v. Alker*, 234 F.2d 113, 116-7 & n.5 (3d Cir. 1956)).

Plaintiffs' reasons for requesting relief from judgment falls under subsection 2 of Rule 60(b) because such relief rests on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Plaintiffs argue that the case should be re-opened

because plaintiff learned, post judgment, the following new information: (1) that AGJ was a "shell entity, originally undercapitalized and having no independent assets," (2) that the principals of AGJ maintained the additional business entities that owned real estate and construction equipment and leased it to AGJ without compensation, and (3) that those principals created new entities to function as AGJ's alter ego. The discovery of new evidence post judgment is clearly a reason that warrants relief under Rule 60(b)(2). Therefore, plaintiffs cannot invoke Rule 60(b)(6).

Moreover, plaintiffs are also barred from obtaining relief from judgment under 60(b)(2). Under Rule 60(c)(1), a 60(b)(2) motion is timely only if the claimant filed it within a year from when the judgment was entered. Fed. R. Civ. P. 60(c)(1).

Courts in this jurisdiction have refused to grant Rule 60(b)(1-3) motions filed over a year after judgment was entered. *See Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) ("plaintiff's request for a new trial almost two years after the original trial was not brought within a reasonable time"); *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971) ("plaintiff is barred by the one year statute of limitations under Rule 60(b)."); *Shenkan v. Potter*, No. 01-299, 2006 WL 840340 *3 (W.D.Pa. Mar. 27, 2006) (same); *Composition Roofers, et al. v. L.A. Kennedy Inc.,* No. 93-1558, 1996 WL 220975 *3 (E.D.Pa. May 2, 1996) (ruling that the defendant was time-barred from raising Rule 60(b)(1-3) because he had raised his arguments over a year after the entry of default judgment).

In the present case, this court entered default judgment in favor of plaintiffs on April 4, 2008. However, plaintiffs did not file the 60(b) motion until December 21, 2009. Because plaintiffs filed the motion over a year after judgment was entered, such motion is time-barred under 60(c)(1). Therefore, plaintiffs are precluded from invoking Rule 60(b)(2) to obtain relief from judgment.

### III.

Plaintiffs seeks relief from judgment before this court under Rule 60(b)(6). Relief under that rule is unavailable to them because the reasons for requesting such relief are embraced by Rule 60(b)(2). Because plaintiffs filed the 60(b) motion almost two years after the entry of default judgment, plaintiffs are time-barred from invoking Rule 60(b)(2), which has a one year statute of limitations. For the reasons above, I will deny plaintiffs' motion for relief.